# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIAN SORENSEN,<br><br>Defendant. | Case No. 2:17-cr-244-APG-NJK<br><br>**ORDER DENYING OBJECTION TO MAGISTRATE JUDGE'S CONDITIONS OF RELEASE**<br><br>(ECF No. 40) |

On August 3, 2017, defendant Brian Sorensen was released from custody pending trial on a personal recognizance bond with conditions. ECF No. 14. One of the conditions is that he "shall avoid all contact directly or indirectly with [his co-defendant] unless it is in the presence of counsel." *Id.* at 4. On October 2, 2017, Sorensen moved under 18 U.S.C. § 3145(a)(2) to remove the no-contact condition. ECF No. 25. Although that motion was not timely filed within 14 days of the release order (*see* LR IB 3-5), Magistrate Judge Koppe treated it as a motion to modify conditions of release. ECF No. 37 at 1, n. 1. She denied the motion. *Id.*

Sorensen now objects to Magistrate Judge Koppe's Order under Federal Rule of Criminal Procedure 59. ECF No. 40.[1] The Government responds that both Sorensen's objection and his October 2 motion are improper attempts to circumvent the time limits of Rule 59 and Local Rule IB 3-5. ECF No. 41 at 8-11. Rather, the Government contends, Sorensen should have sought relief under 18 U.S.C. § 3145(a)(2). Under either that statute or Rule 59, Sorensen's motion is denied.

---

[1] Defendant Dustin Lewis filed a joinder to Sorensen's October 2 motion, which Magistrate Judge Koppe denied. ECF Nos. 30, 37. Lewis did not file an objection to Magistrate Judge Koppe's order; nor did he join in Sorensen's objection. Thus, I affirm the order as to Lewis. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

Sorensen's motion relies on and quotes Rule 59. That rule requires me to "modify or set aside any part of the order that is contrary to law or clearly erroneous." I have reviewed Magistrate Judge Koppe's Order, the objection, and the underlying papers. The Order is not clearly erroneous or contrary to law. Therefore, I will not disturb it.

To the extent the Government contends Sorensen's objection is governed by 18 U.S.C. § 3145, I must review Magistrate Judge Koppe's Order *de novo*. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir.1990). "[T]he district court is not required to start over in every case, and proceed as if the magistrate [judge's] decision and findings did not exist. . . . It should review the evidence before the magistrate [judge] and make its own independent determination whether the magistrate [judge's] findings are correct, with no deference." *Id*.

Title 18 U.S.C. § 3142(g) requires me to consider four factors in determining whether to detain or release a defendant with conditions: "(1) the nature and circumstances of the offense charged," (2) "the weight of the evidence against the person," (3) "the history and characteristics of the person," and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Having reviewed the relevant papers de novo, these factors convince me that Magistrate Judge Koppe's imposition of the no-contact condition is appropriate. I adopt as my own Magistrate Judge Koppe's analysis as set forth in her Order. *Koenig*, 912 F.2d at 1193 ("[T]he district court is to make its own 'de novo' determination of facts, whether different from or an adoption of the findings of the magistrate [judge].").

IT IS THEREFORE ORDERED that defendant Sorensen's Objection **(ECF No. 40)** is **OVERRULED** and Magistrate Judge Koppe's Order **(ECF No. 37) is AFFIRMED**.

DATED this 4th day of December, 2017.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE