UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>v.<br>BRIAN SORENSEN,<br>    Defendant. | Case No. 2:17-cr-00244-APG-NJK<br><br>**REPORT AND RECOMMENDATION**<br><br>[Docket No. 139] |
|---|---|

This matter was referred to the undersigned Magistrate Judge on Defendant Brian Sorensen's motion to dismiss superseding indictment. Docket No. 139. The Court has considered Defendant's motion, the United States' response, and Defendant's reply. Docket Nos. 139, 145, 148.

**I.    BACKGROUND**

On August 2, 2017, a federal grand jury sitting in Las Vegas, Nevada issued an indictment charging Defendant Brian Sorensen and co-Defendant Dustin Lewis with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and one count of bank fraud, in violation of 18 U.S.C. §§ 1344 and 2. Docket No. 1. On June 22, 2021, after unsuccessful plea negotiations between the United States and Defendant, a federal grand jury sitting in Las Vegas, Nevada issued a superseding indictment charging Defendant and co-Defendant Janice Lee Jones with one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. § 1349, and three counts of bank fraud, in violation of 18 U.S.C. § 1344(1). Docket No. 116.

Defendant and the United States engaged in plea negotiations between the spring of 2020 and the summer of 2021 to attempt to resolve the instant case. Docket Nos. 139 at 2, 145 at 2-3. Throughout these negotiations, in the spring of 2021, the United States told Defendant that, if the plea negotiations were unsuccessful, it would seek a superseding indictment charging Defendant with additional counts. The United States also stated that it would seek a superseding indictment

charging co-Defendant Jones, who is Defendant's mother, with certain counts. *Id.* Ultimately, when the plea negotiations proved unsuccessful, the United States obtained the superseding indictment at issue in the instant motion. Docket Nos. 139 at 2, 145 at 3. The superseding indictment charges Defendant with two additional counts of bank fraud and co-Defendant Jones with four felony counts. *Id.*

Defendant asks the Court to dismiss the superseding indictment due to outrageous government conduct. Docket No. 139 at 2. Defendant submits that the United States' decision to seek a superseding indictment against him and his mother, with the statute of limitations deadline approaching, "based entirely on [his] refusal to accept a plea is both shocking and outrageous and is a clear violation of 'the universal sense of justice" violating due process. *Id.* at 3. Defendant submits that the superseding indictment was not obtained based on an ongoing investigation or newly obtained evidence, but rather to intimidate Defendant into giving up his right to a jury trial. *Id.* Defendant alternatively asks the Court to dismiss the superseding indictment using its supervisory power as a prophylactic tool to discourage the behavior it alleges the United States relied on in obtaining the superseding indictment. *Id.* at 3-4.

In response, the United States submits that the case law allows "the government to bring additional charges after a defendant rejects a plea offer, including charges against third parties . . . so long as there is probable cause to bring those additional charges. Docket No. 145 at 1-2. The United States submits that, contrary to Defendant's representations, it discovered after the initial indictment had been issued that Defendant had engaged in two additional fraudulent sales and that co-Defendant Jones had been involved in the three fraudulent sales charged in the superseding indictment. *Id.* at 2. The United States submits that, despite this knowledge, it engaged in plea negotiations with Defendant, during which it told Defendant that if he declined the plea offer, additional charges might be pursued against him and other individuals. *Id.* at 2-3. The United States submits that its conduct in this case falls directly in line with governing case law which allows it to threaten more severe charges, both against a defendant and a third party, during plea negotiations and to make good on those threats should the plea negotiations fail to resolve the case. *Id.* at 3-5. The United States further submits that, since it had probable cause to indict both

Defendants at the time the threats to pursue a superseding indictment were communicated to Defendant, it acted in good faith and, therefore, asks the Court to deny Defendant's motion to dismiss the superseding indictment. *Id.* at 5-7.

## II. ANALYSIS

### A. Due Process

The Supreme Court has recognized that, sometimes, the conduct of governmental actors can be "so outrageous" that a defendant's due process rights are violated, requiring a court to dismiss the underlying indictment. *United States v. Russell*, 411 U.S. 423, 431-32 (1973). Outrageous government conduct occurs when the government's actions are "so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Id.* A dismissal of an indictment for outrageous government conduct is rooted in the due process clause of the Fifth Amendment of the Constitution which provides, "no person shall ... be deprived of life, liberty, or property without due process of law." U.S. Const. Amend. V.

The Ninth Circuit has held that dismissal of an indictment for outrageous government conduct is "limited to extreme cases" in which the defendant can demonstrate that the United States' conduct "violates fundamental fairness" and is "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Stinson*, 647 F.3d 1196, 1209 (9th Cir. 2011). This is an "extremely high standard." *United States v. Black*, 733 F.3d 294, 302 (9th Cir. 2013) (citing *United States v. Garza–Juarez*, 992 F.2d 896, 904 (9th Cir. 1993)).

Because no bright line rule exists that establishes when the United States' conduct moves from acceptable to outrageous, the Court must resolve each case on its own facts, considering the totality of the circumstances. *Black*, 733 F.3d at 302, 304 (citing *United States v. Bogart*, 783 F.2d 1428, 1438 (9th Cir. 1986)).

In *Bordenkircher v. Hayes*, 437 U.S. 357, 364 (1978), the Supreme Court held that it is not a due process violation when the United States threatens the pursuit of more serious charges against a defendant throughout the plea-bargaining process and then follows through on those threats when the defendant declines to accept a plea offer, so long as the prosecutor has probable cause to

support the more serious charges. The Ninth Circuit has recognized that "such prosecutorial conduct is not meaningfully distinguishable from charging more strictly at the outset and then reducing the charges as a result of plea negotiations. . . ." *United States v. Gamez-Orduno*, 235 F.3d 453, 463 (9th Cir. 2000). When the threat or promise of leniency involves a third party, a more pressing inquiry must be conducted, but this conduct does not violate due process if the United States has probable cause to prosecute the third party at the time the threat or offer of leniency is communicated. *United States v. Seng Chen Yong*, 926 F.3d 582, 591-92 (9th Cir. 2019). Probable cause is conclusively demonstrated by a grand jury indictment. *Id.* at 592.

Defendant's main argument is that the United States' decision to obtain a superseding indictment toward the end of the statute of limitations period "based entirely on [his] refusal to accept a plea is both shocking and outrageous and is a clear violation of 'the universal sense of justice" violating due process." *Id.* at 3.[1] The case law makes clear, however, that this behavior does not constitute a due process violation. *See Bordenkircher*, 437 U.S. at 364. This includes the United States' decision to communicate its intention to pursue charges against co-Defendant Jones and then doing so after plea negotiations failed. *See Seng Chen Yong*, 235 F.3d at 591-92. *See also United States v. Castello*, 724 F.2d 813, 814-15 (9th Cir. 1984) (collecting cases to support a finding that no court has found third party threats in plea bargaining *per se* unconstitutional).

The Court finds that the United States was well within its authority to tell Defendant it would charge him – as well as his co-Defendant – with new counts if he did not accept the plea offer so long as it had probable cause to support the additional charges. Defendant does not contest that the United States had probable cause to support these additional charges at the time they were discussed during plea negotiations. Further, the superseding indictment, issued by a grand jury, conclusively demonstrates that there was probable cause for the additional charges. *Seng Chen*

---

[1] In his reply, Defendant submits that this behavior constitutes a due process violation because the United States' behavior was intended to improperly coerce him into taking the plea offer. *See* Docket No. 148 at 3. Neither Defendant nor the United States has represented that the plea offer at the heart of the instant motion is still open and available. In fact, both parties represent that it was explicitly declined. *See* Docket Nos. 139 at 2, 145 at 3. Regardless, [i]mproper coercion actually takes effect . . . when a defendant pleads guilty as a result of the threat or offer of lenity." *Seng Chen Yong*, 926 F.3d at 592. Defendant did not plead guilty here and, therefore, his coercion arguments are without merit.

4

*Yong*, 235 F.3d at 592. No other facts or circumstances are presented to the Court demonstrating other behavior employed by the United States during this time to support a finding that the United States' conduct was "so grossly shocking and so outrageous as to violate the universal sense of justice." *Stinson*, 647 F.3d at 1209. Accordingly, the Court finds that the United States' conduct did not constitute a due process violation.

### B. Supervisory Powers

When the governmental conduct alleged does not amount to a due process violation, the Court can nonetheless dismiss the superseding indictment under its supervisory powers. *United States v. Chapman*, 524 F.3d 1073, 1084 (9th Cir. 2008) (citing *United States v. Barreara-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991)). The Court can use its supervisory powers to dismiss an indictment in three circumstances: to remedy a constitutional or statutory right violation where no lesser remedial action is available; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal government conduct. *Id.* at 1085 (citing *United States v. Simpson*, 927 F.2d 1088, 1090 (9th Cir. 1991)). The Court is limited in exercising this power to situations where the conduct in question was flagrant misconduct and where the defendant was substantially prejudiced by the conduct. *Simpson*, 927 F.2d at 1091. Flagrant misconduct and prejudice are assessed on a fact-specific, case-by-case basis. *United States v. DeRosa*, 783 F.2d 1401, 1406 (9th Cir. 1986). Generally, a court will not utilize its supervisory power in such a way that encroaches on prosecutorial discretion "unless there is a clear basis in fact and law for doing so." *See id.* at 1404.

Defendant alleges no constitutional or statutory violation, nor does he argue that the United States' actions were illegal. Rather, Defendant asks the Court to use its supervisory powers to protect judicial integrity. Docket No. 139 at 4. However, Defendant has failed to demonstrate that the United States' conduct constituted flagrant misconduct or that he was substantially prejudiced by the United States' decision to obtain a superseding indictment in this case.

The United States' conduct in question is the seeking of a superseding indictment within the statute of limitations period after informing Defendant that it would do so should he not accept a plea offer. Generally, a prosecutor "should remain free before trial to exercise the broad

5

discretion entrusted to him to determine the societal interest in prosecution. An initial decision should not freeze future conduct." *United States v. Goodwin*, 457 U.S. 368, 382 (1982). The United States' conduct in communicating an offer of leniency is lawful tactic in plea negotiations and has been long accepted by the courts. *See, e.g., Bordenkircher*, 437 U.S. at 364; *Seng Chen Yong*, 235 F.3d at 591-92. Accordingly, the Court finds that the United States' conduct does not rise to flagrant misconduct and that no basis in law or fact exists for the Court to exercise its supervisory powers to dismiss the superseding indictment.

### III.  RECOMMENDATION

Based on the foregoing and good cause appearing therefore,

**IT IS RECOMMENDED** that Defendant's motion to dismiss the superseding indictment, Docket No. 139, be **DENIED**.

IT IS SO ORDERED.

Dated: February 4, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).